## THE PEOPLE *on rel.* HANRAHAN *a.* THE BOARD OF POLICE.

*Supreme Court, First District; General Term, January, 1862.*

MANDAMUS.—GENERAL AND SPECIAL VERDICT.—RES JUDICATA.

Where several issues arising on the return to a writ of alternative mandamus are submitted to a jury, a general verdict may properly be directed.

Where several special issues are submitted to a jury, who, under instructions of the court, render a general verdict, such verdict is equivalent to finding each of the issues in favor of the party in whose behalf the general verdict is found.

Where the court, on motion to quash the return to a writ of alternative mandamus, has sustained the return, it may issue a peremptory writ, although the issues raised by the return are found in favor of the defendant.

Motion for a peremptory mandamus.

The relator, Richard Hanrahan, procured, in May, 1859, an alternative mandamus against the defendants, The Board of Police of the Metropolitan Police District of the State of New York. Hanrahan had been a member of the Municipal police of the city of New York. The alternative writ alleged, in sub-

stance, that whereas the relator was, at the time of passing the Metropolitan Police Act, April 15, 1857, a patrolman, and one of the police of the city of New York, duly appointed and sworn, and had never been legally discharged or dismissed; and whereas he became, by virtue of that act, a patrolman and member of the police force of the Metropolitan Police District, and held office and did duty under that act, and had the requisite qualifications, yet the Board of Police had unjustly, and without jurisdiction, removed him and deprived him of the emoluments of the office, and had refused to recognize him as such patrolman, or to permit him to exercise the powers and duties of the office.

The writ then required the Board to restore him to the office, and permit him to exercise the same, and take the profits and salary thereof, or show cause, &c. A return was made to the alternative writ, containing eleven distinct defences. A motion was made to strike out the return, or for a peremptory writ notwithstanding such return, and Mr. Justice Roosevelt, July 1, 1859, made an order striking out all but the second, third, and fourth paragraphs of the return. The defendants appealed, and the general term affirmed the order as to what was left in, but reversed it as to the first and eleventh paragraphs. Issues were then taken and tried before Mr. Justice Emott and a jury, in April, 1860. The jury, under the direction of the court, found a general verdict for the defendants, the court directing the case to be heard in the first instance at general term.

The relator now moved, at general term, upon the pleadings, the orders relating thereto, and the minutes of the verdict, for a peremptory mandamus.

*Gilbert Dean* and *James T. Brady*, for the relator.—I. The relator, a policeman under the act of 1853, continued in office under the act of 1857, without taking a new oath, or taking any step whatever by way of assuming, or being inducted into office. (The People on rel. McCune a. the present defendants, 19 *N.·Y.*, 188.)

II. It follows, therefore, that he is entitled to be restored to the enjoyment of the office of policeman unless he has been removed, and there is no pretence that he has been. A party holding office is entitled to its emoluments until he has resigned,

forfeited, or been removed from it. Neither event has happened in this case.

III. A mandamus is an appropriate remedy for a wrongful dispossession of an office.

IV. The act of April 14, 1860, is of no force in reference to this case. It does not repeal the act of 1853, or of 1857, nor remove from office, nor vacate the office of those who were policemen under those acts. It provides for the continuance in office, &c., of certain persons, but does not affect those who stood in the position of this relator. Besides, although the Legislature may abolish an office, they cannot continue it, and yet remove a particular incumbent. That power under our Constitution, and also under the Police laws, is to be exercised by some body other than the Legislature.

V. The court erred in directing a general verdict. When issues are framed and sent for trial, the jury must find on each separate issue, and then, on the verdict, an application must be made to the court for the writ. It cannot be claimed that there was no evidence to be submitted to the jury on any of these issues. The verdict in all these cases should be set aside.

*Brown, Hall & Vanderpoel,* and *David Dudley Field,* for the defendants.—I. Issue having been taken upon the return, the relator thereby admitted that, upon its face, it was a sufficient answer to the writ; and a verdict having been found for the defendants, judgment goes in their favor, of course. (People *a.* Finger, 24 *Barb.,* 341.) But in the present case, this court, both at the special and general terms, has passed upon the questions raised by the returns, and decided that they were a perfect answer to the writ, if proved to be true.

II. Independent of these considerations, the facts found by the jury are a plain answer to the application for a mandamus. 1. An officer, *de facto* and not *de jure,* has no claim to a mandamus for the office, or the fees belonging to it. (People *a.* Tremain, 21 *Barb.,* 93.) 2. The relator was not compelled to take or hold office in the Metropolitan police against his will, and, having refused, his application for this mandamus is preposterous. (*Metropolitan Police Act,* § 12.) 3. The right to withdraw at any time, at will, belongs even to one who has expressly accepted the office. 4. Accepting a second office, incompatible

with the first, is a resignation or withdrawal from the first. (People *a.* Carrique, 2 *Hill*, 92.)  5. Entering into other and inconsistent employments is also a virtual withdrawal from a post which requires all the time of the incumbent. (Hughes *a.* Humphrey, 6 *B. & C.*, 680.)

III. Although it is supposed by the relator that the decision of the Court of Appeals in McCune's case (19 *N. Y.*, 188) contravenes some of these positions, a slight analysis of that case will show that it does not contravene one of them.

IV. The repeal of the Metropolitan Police Act of 1857, and the substitution of a new act in 1860 (*Laws of* 1860, ch. 258), would have taken from the relator all right to a mandamus, even if the other objections had not existed.  The defendants are public officers, exercising a public trust, and they could not, if they would, recognize the relator as a member of the Metropolitan police district.  Though the act of 1860 did not use the word repeal in reference to the act of 1857, yet the repeal was none the less perfect, since the new act was substituted for the old.  The former was displaced, and the latter replaced it. The Metropolitan Police Act of 1857 being thus abrogated, the 32d section fell with it; that section, by force of which alone the Municipal police was transferred to the Metropolitan police. That section ceased to be law on the 14th of April, 1860, and has disappeared.  The relator has never received an appointment from the Board of Police.

V. Though the fifth, sixth, seventh, eighth, ninth, and tenth defences were stricken out on motion, they still remain upon the record.  The questions which they present are to be treated as if a demurrer had been interposed to each of them; and the defendants have an undoubted right to avail themselves of these defences, if good in law, being admitted to be true in fact.  The defendants, therefore, submit that the decision upon the motion to strike out is not binding upon this court, now sitting at the general term to pronounce judgment upon the whole record.

By THE COURT.*—MULLIN, J.—Before proceeding to examine the questions presented by the counsel for the respective parties, it becomes necessary to ascertain what the practice is in

---

* Present, CLERKE, P. J., MULLIN and LEONARD, JJ.

cases of issues upon the return to an alternative mandamus, in order to determine whether, upon the papers before us, the relator can be heard as upon a motion for a peremptory writ, or upon a motion for a new trial by reason of errors committed on the trial. It is provided by 3 Rev. Stat., 5 ed., 898, § 15, that " when a return shall be made to a writ of mandamus, the party prosecuting it may demur or plead to all or any of the material facts contained in the said return, to which the person making such return shall reply, take issue, or demur, and the like proceedings shall be had therein for the determination thereof, as might have been had if the person prosecuting such writ had brought his action on the case for a false return."

. Section 17 provides that, " in case a verdict shall be found for the person suing such writ, or if judgment be given for him on demurrer or by default, he shall recover damages and costs, in like manner as he might have done in such action on the case as aforesaid, and a peremptory mandamus shall be granted to him without delay."

Section 471 of the Code of Procedure exempts proceedings on mandamus from the operation of the second part of the Code, and provides that " when an action shall be brought in consequence of such proceeding, such action shall be conducted in conformity to said act."

The trial of the issues in this case were conducted in conformity to the provisions of the Code, unless the form of the verdict is in violation of its provisions.

The jury find a general verdict in favor of the defendant. It is said that the jury should have found upon each of the issues separately, and that a general finding on them all was improper. .

A general verdict is defined by section 260 of the Code of Procedure, as follows : " A general verdict is that by which the jury pronounce upon all or any of the issues, either in favor of the plaintiff or defendant. A special verdict is that by which the jury find the facts only, leaving the judgment to the court."

By section 261 it is declared that " in every action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict. In all other cases, the court may direct the jury to find a special verdict in writing upon all or. any of the issues; and in all cases may instruct them, if they render a general verdict, to find upon

particular questions of fact to be stated in writing, and may direct a finding thereon."

It follows from these provisions, first, that the jury had the right to render a general verdict in the case ; and second, that the verdict rendered was a general one, and therefore regular.

If we were to treat the issues in this case as feigned issues sent down for trial pursuant to section 71 of the Code, the general provisions above cited apply, and a general verdict may be rendered. Such a verdict upon such an issue is a finding in favor of the relator or the defendant, that each of the issues are found in favor of the party in whose behalf the general verdict is found. And there is no difficulty in giving effect to such a verdict.

The decision in the case of Martin, decided at the last term, is not in conflict with the foregoing propositions. In that case the relator was nonsuited. The jury were not permitted to pass upon the issues of fact, and the relator was wholly deprived of the opportunity to satisfy the jury, and through them the court, that the matters on which the defendant relies as an excuse for not obeying the order of the court are not true. In this case both parties have been fully heard, and the jury, in the exercise of their discretion, have rendered a verdict on all the issues submitted. There is clearly no mistrial, nor is there any difficulty in giving effect to the verdict.

We must treat the application to the special term, from whose decision this appeal is taken, as a motion on the verdict and proceedings for a peremptory writ.

A motion for a new trial on the facts must be heard in the first instance at the special term, and cannot be made in the first instance in the general term. (*Howard's Code*, §§ 264, 265, and *notes*.)

No such motion has been made in this case, and of course no question arising on the facts can be heard here.

It was competent for the judge, before whom the trial was had, to direct the exceptions taken on the trial to be heard in the first instance at the general term. That order was made, but in this case the relator has not presented any question arising on the exceptions. And we must, under these circumstances, treat this proceeding as an appeal from an order denying the relator's motion for a peremptory mandamus.

We are now brought to the merits. Notwithstanding all the issues of fact have been found by the jury against the relator in this case, he nevertheless insists that he is entitled to a peremptory writ.

The defendants' counsel insists in the first place, that the general term having held after argument, upon a motion to strike out the issues, that they should be submitted to the jury, is equivalent to a decision that if such issues should be found in favor of the defendants, they would be a legal bar to the writ. There is some force in this argument. Yet I am of the opinion the court does not, and, as a general rule, ought not to hold itself bound by such a decision, so that it is not at liberty to grant or refuse the writ as it shall deem just and proper on the coming in of the verdict upon the issues of fact. In case of a feigned issue, it would not be contended that the decision that such an issue be found, is binding on the court, so that if the verdict should be with the defendants, it was precluded from giving relief to the relator. I consider that this is a much stronger case for the application of the rule contended for than feigned issues, yet even in this case, the court when it denied the motion to strike out, did not mean to preclude itself from thereafter considering the question as to the force and effect of the findings on the issues of fact.

We have been referred to the People *a.* Finger (24 *Barb.*, 341), as a decision of this question. But it is expressly stated by Justice Harris, that this question had not been argued before him, and it was not necessary to a decision of the case. The opinion of the learned justice, although entitled to our highest respect, is not binding upon us, and we think the practice suggested by him would unnecessarily restrict the power of the court to afford parties relief in cases of mandamus.

The issues tried in this case, and on which a verdict was found in favor of the defendants, were,

I. Whether the relator had received or had any valid appointment, warrant, or authority, as a member of the police force.

II. Whether the relator, upon the organization of the Board of Police under the act of 15th April, 1857, withdrew from the police force established by said act, and disclaimed holding office or doing duty as a member of the police force.

III. Whether the relator took office under the ordinance

passed by the Common Council set forth in the case, and acted under said ordinance until the 3d of July, 1857.

IV. Whether the relator, since the passage of the act of April, 1857, for his private gain and profit, entered into other employments in no wise connected with, but inconsistent with his duties as a member of the police force, and received large profits therefor.

All these issues, except the third, were in the case of Gorman, and found by the jury in favor of the defendants. This court having, at the last term, held that these facts constitute no defence, we must hold in this case that, notwithstanding the finding of the issues in the defendants' favor, a peremptory mandamus must issue. The finding of the third issue in this case in favor of the defendants, does not, in the opinion of a majority of the court, change the result, and we must, therefore, hold that the order appealed from must be reversed and a peremptory mandamus issue.

It is due to myself to say that my views, as to the force of the facts found, are not changed; but the question being decided by a majority of the court in the cases heretofore argued, I am bound to give effect to the law as thus settled.

Let an order be entered that a peremptory mandamus issue.